IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **VANESSA CALVIN, Trustee,** | § | |
| **Rodgers Family Trust of Arizona,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00329-O-BP |
| | § | |
| **JULIUS L. JACKSON, JR.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Complaint in this case, purportedly filed *pro se* by the trustee of a trust. Because Plaintiff cannot proceed *pro se* on behalf of the trust she represents, and because Plaintiff has not complied with a Court Order requiring her to correct this legal deficiency, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice**.

In April 2022, the *pro se* Plaintiff, Vanessa Calvin, filed this civil action in her capacity as "Trustee to Rodgers Family Trust of Arizona" (the "Trust"). ECF No. 3 at 1. Because "a non-attorney trustee may not represent a trust *pro se*," *Dillard Fam. Tr. v. Chase Home Fin., LLC*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011), the Court entered a Notice of Deficiency and Order ("NOD") directing Calvin to either: (a) retain legal counsel to represent the Trust; or (b) file an amended complaint that asserts only her personal claims. ECF No. 7 at 2. The Court warned Calvin that if she did not do so by May 10, 2022, her case would be subject to dismissal under Federal Rule of Civil Procedure 41(b).

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "This authority flows from the court's inherent power to control its docket and prevent

undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). The dismissal may be made with or without prejudice. *See* Fed. R. Civ. P. 41(b). However, a dismissal with prejudice is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

In lieu of retaining counsel for the Trust or filing an amended complaint, Calvin filed a Motion for the Appointment of Counsel (ECF No. 8); Amended Defendant List ("List") (ECF No. 9); another Motion for the Appointment of Counsel (ECF No. 10); and an Amended Certificate of Interested Persons/Disclosure Statement ("Certificate") (ECF No. 11). No filing complies or purports to comply with the Court's NOD. The Motions are not properly before the Court because Calvin cannot legally present them on behalf of the Trust. *Dillard Fam. Tr.*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011). And even if they were properly before the Court, the Motions are unavailing because neither Calvin nor the Trust are entitled to Court-appointed counsel, and there is no indication this case presents extraordinary circumstances warranting such an appointment for either. *See Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) ("There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."); *see also Dillard Fam. Tr.*, 2011 WL 6747416, at *5 (requiring non-attorney trustee to obtain counsel to represent plaintiff trust). Moreover, neither the List nor Certificate purport to be an amended complaint asserting only Calvin's potential claims filed in her individual capacity. *See* ECF Nos. 9, 11.

As the deadline to comply with the Court's NOD has passed, Calvin's case is subject to dismissal under Rule 41(b). Because the record does not reflect her non-compliance results from purposeful delay or contumaciousness, the Court should dismiss her case without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Rule 41(b). However, if Calvin complies with the NOD (ECF No. 7) within the fourteen-day period permitted for objections (see below) or by such other deadline as Judge O'Connor may set, then the undersigned will withdraw this recommendation. Calvin may reference the NOD for instructions on how to comply with the Court's Order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 17, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE